**UNITED STATES of America, Appellee,**

v.

**Cimmarron WASHINGTON, Defendant–Appellant.**

**No. 04–2656–CR.**

United States Court of Appeals, Second Circuit.

Nov. 30, 2004.

Thomas D. Anderson, Assistant United States Attorney for David V. Kirby, Acting United States Attorney for the District of Vermont (on submission), Burlington, VT, for Appellee.

Maryanne E. Kampmann, Stetler, Allen & Kampmann (on submission), Burlington, VT, for Defendant–Appellant.

Present: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendant–Appellant Cimmarron Washington appeals from a judgment of the United States District Court for the District of Vermont (Sessions, *C.J.*) convicting him, following his plea of guilty, of possession with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); of fraudulent use of a Social Security number, 42 U.S.C. § 408(a)(7)(B); and of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The District Court sentenced Washington to 168 months in prison on the drug count, 60 months in prison on the Social Security number fraud count, and 120 months in prison on the "felon in possession" count. All sentences were imposed to run concurrently.

On appeal, Washington challenges the constitutionality of his sentence under the Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). This Court has held, however, that we will not consider *Blakely* challenges to the Federal Guidelines until the Supreme Court rules in cases before it raising the issue. *United States v. Mincey*, 380 F.3d 102, 106 (2d Cir.2004). Accordingly, we reject the defendant's claims at this time.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (cert. granted), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (cert. granted). Should any party believe there is a need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. The parties will have until fourteen days following the Supreme Court's decision in *Booker* and *Fanfan* to file petitions for rehearing in light of the Supreme Court's decision.

We have considered all of the defendant's arguments and find them to be without merit. We therefore AFFIRM the judgment of the District Court.